TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00734-CV






Emile Jamail and Scott Jamail, Appellants



v.



Stoneledge Condominium Owners Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-04533-A, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 







 Emile and Scott Jamail appeal from a summary-judgment order rendered in their
suit against Stoneledge Condominium Owners Association. We will affirm the order in part,
reverse the order in part, and remand the cause to the trial court for proceedings not inconsistent
with our opinion.


THE CONTROVERSY


 Emile Jamail dedicated Stoneledge I and II subdivisions now within the municipal
limits of the City of Austin. At all material times, the property was subject to Austin municipal
ordinances. The dedicated property is shown on a drawing affixed to this opinion. The Jamails
each own subdivision property north of Creek Ledge street, a dedicated public way.

 Stoneledge Condominium Owners Association (the "Association") is comprised of
the owners of condominium units erected on that part of the dedicated property south of Creek
Ledge. The Association erected a barrier across Creek Ledge before the Jamails filed the present
lawsuit. The barrier, presently a locked gate across Creek Ledge, exists approximately in the
location shown on the affixed drawing.

 In their petition, the Jamails alleged (1) their dedication of Creek Ledge as a public
way, (2) the locked gate interfered with their use and enjoyment of their property, (3) the locked
gate constituted a continuing nuisance and an illegal barrier to the Jamails' and the traveling
public's use of the street, and (4) the absence of an adequate legal remedy. For remedies, they
requested appropriate declaratory relief and a permanent injunction abating the nuisance. (1)

 In answer, the Association averred a general denial and affirmative defenses of
limitations, laches, and legal justification or excuse, the last referring to a claimed good-faith
belief that Creek Ledge was a private way.

 The Jamails moved for partial summary judgment abating the alleged nuisance on
the ground that Creek Ledge is a public way, rendering the locked gate illegal. To effect the
abatement, they requested a permanent injunction requiring the Association to remove the locked
gate and prohibiting the erection of another barrier in the future. In response, the Association
admitted it erected the barrier in 1987, due to safety concerns, but opposed the Jamails' motion
for summary judgment on the ground that relief was precluded by genuine issues of material fact. 
In the same pleading, the Association moved for partial summary judgment on a single ground: 
"that there are no material fact issues that the statute of limitations, one of [the Association's]
affirmative defenses, effectively bars the [Jamails'] declaratory action as a matter of law." (2) 

 The trial-court order denies the Jamails' motion for partial summary judgment and
sustains the Association's motion for partial summary judgment. In sustaining the Association's
motion, the order directs that the Jamails take nothing by their causes of action for trespass and
nuisance and their application for attendant declaratory and injunctive relief. The order rests in
this respect upon a single ground--the Association's affirmative defense of the statute of limitations,
being the sole ground upon which the Association moved for summary judgment. (3) The
Jamails appeal on five points of error. Two are dispositive. In these, the Jamails complain the
Association was not entitled to judgment as a matter of law on its affirmative defense of
limitations; and that they were entitled to judgment as a matter of law on their own motion for
summary judgment. (4) We need not discuss the Jamails' remaining points of error. (5)


DISCUSSION AND HOLDINGS


 The following propositions are uncontradicted in the summary-judgment record: 
(1) the Association erected the barrier, now a locked gate, in 1987 and the Jamails filed the
present lawsuit in 1997; (2) Creek Ledge is a public way by reason of the Jamails' dedication to
the public; (3) the Association claims no title in or to the public way and no basis appears in the
record for the Association's special use of the way under any other claim of right; (4) the Jamails
own property north of Creek Ledge while the Association's members own property south of the
street, all such properties being within the dedicated subdivisions.

 The Jamails' petition alleged the locked gate constitutes a nuisance and their
allegation of trespass appears to refer merely to the same acts and conditions as those alleged to
be a nuisance, that is to say, a non-trespassory tort. The allegations expressly state or fairly imply
that the nuisance is "continuing," "public," "private," or both "public" and "private." These
characteristics are important on the question of limitations, the only question before us on appeal
concerning the partial summary judgment recovered by the Association.

 Because Creek Ledge is a public way, the locked gate amounts to a purpresture--an
encroachment on public rights or the appropriation to private use of that which belongs to the
public. "The encroachment or appropriation may or may not amount to nuisance; it becomes a
nuisance when the right of the public to immediate use is affected." Hill Farm, Inc. v. Hill
County, 436 S.W.2d 320, 321 (Tex. 1969); see also Hoechst Celanese Corp. v. Compton, 899
S.W.2d 215, 223 (Tex. App.--Houston [14th Dist.] 1994, no writ).

 Charging interference with their right and the right of the public to traverse Creek
Ledge, the Jamails alleged the locked gate was a continuing nuisance. A continuing nuisance is
a condition of such character that it may continue indefinitely. 66 C.J.S. Nuisance § 4 (1950). 
"Limitations is not a defense to an action to abate a continuing nuisance." Stein v. Highland Park
I.S.D., 540 S.W.2d 551, 554 (Tex. Civ. App.--Texarkana 1976, writ ref'd n.r.e.).

 A public nuisance is a condition that amounts to "an unreasonable interference with
a right common to the general public." Restatement (Second) of Torts § 821B(1) (1979). The
question of reasonableness is determined by a variety of factors. See id., § 821B(1) (a)-(c). An
impediment in a public way may constitute a nuisance. See, e.g., Kjellander v. Smith, 652
S.W.2d 595, 600 (Tex. App.--Tyler 1983, no writ); Soap Corp. of Am. v. Balis, 223 S.W.2d 957,
960 (Tex. Civ. App.--Fort Worth 1949, writ ref'd n.r.e.). A private person, such as the Jamails,
may not maintain an action based upon a public nuisance without showing a "special injury"
resulting from the nuisance. The showing of a special injury requires a consideration of several
factors in cases like the present. See Restatement (Second) of Torts § 821C, cmts. f, j.; William
B. Johnson, What Constitutes Special Injury that Entitles Private Party to Maintain Action Based
on Public Nuisance--Modern Cases, 71 A.L.R.4th 26-70 (1989).

 "A private nuisance is a nontrespassory invasion of another's interest in the private
use and enjoyment of land." Restatement (Second) of Torts § 821D. Liability for a private
nuisance may rest upon intentional "conduct [that] is the legal cause of an invasion of another's
[right] in the private use and enjoyment of [his] land." Id., § 822. "A person is subject to
liability for an intentional invasion when his conduct is unreasonable under the circumstances of
the particular case." Id., cmt. c.

 It is "settled by the decisions in this state that in an action to abate a nuisance,
public or private, prescription or limitations is no defense." Hughes v. Jones, 94 S.W.2d 534,
536 (Tex. Civ. App.--Eastland 1936, no writ h.). Laches may, however, bar relief in the case of
a private nuisance. Id. Laches consists of an unreasonable delay in asserting one's legal or
equitable rights coupled with a good-faith change of position by another to his detriment because
of the delay. Barfield v. Howard M. Smith Co., 426 S.W.2d 835, 840 (Tex. 1968). The party
asserting laches has the burden of proving the two elements. They have not been proved in this
instance as a matter of law. On the other hand, it has been said that "[t]he doctrine of laches does
not apply so as to defeat injunctive relief from a continuing nuisance" on the ground that in certain
instances continuance of the condition each day is a new or fresh nuisance. 66 C.J.S. Nuisances
§ 119 at 893 (1950). A balancing of equities in particular circumstances may, however, qualify
the particulars of equitable relief available. See, e.g., Galveston H. & S.A. Ry. Co. v. De Groff,
118 S.W. 134, 138 (Tex. 1909); Hughes v. Jones, 94 S.W.2d at 536. Laches was not a ground
upon which the Association moved for summary judgment; laches was a ground upon which the
Association opposed the Jamails' motion for summary judgment.

 We therefore conclude the Association was not entitled to judgment as a matter of
law on its affirmative defense of limitations, irrespective of whether the alleged nuisance proves
to be a continuing nuisance, a public nuisance, a private nuisance, or both a public and a private
nuisance. Conversely, we conclude the record does not establish in the Jamails a right to
judgment as a matter of law. Genuine issues of material fact exist in the record concerning
whether the Jamails have sustained a special injury that entitles them to recover on their allegation
of a public nuisance, and whether laches, if proved, should bar the Jamails' equitable remedy of
injunction if the locked gate is determined to be a private nuisance or qualify any equitable remedy
if a continuing nuisance.

 We therefore hold the trial court erred in sustaining the Association's motion for
summary judgment based on its affirmative defense of limitations. We reverse that element of the
summary-judgment order. We hold the trial court did not err in denying the Jamails' motion for
summary judgment. We affirm that element of the order. We remand the cause to the trial court
for proceedings not inconsistent with our opinion. 



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: May 14, 1998

Publish

1. The Jamails alleged other claims against the Association; these were severed before the
appeal and are not before us.
2. The Association's response to the Jamails' motion for summary judgment and the
Association's own motion for partial summary judgment are both contained in a pleading titled
"Defendant's Amended Cross-Motion for Partial Summary Judgment on its Affirmative Defense
and Response to Plaintiff's [sic] Motion for Partial Summary Judgment." We construe the
Association's motion as referring both to the Jamails' prayer for declaratory relief and for a
permanent injunction.
3. In answer to the Jamails' petition, the Association averred generally that the Jamails' causes
of action were barred "because of the statute of limitations." In responding to the Jamails' motion
for partial summary judgment and in averring its own entitlement to judgment as a matter of law,
the Association specified one statute of limitations, being the four-year statute found in section
16.051 of the Texas Civil Practice and Remedies Code. The statute provides as follows: "Every
action for which there is no express limitations period, except an action for the recovery of real
property, must be brought not later than four years after the day the cause of action accrues." 
Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997).
4. Our discussion refers to the Jamails' third and fourth points of error: (1) The trial court
erred in denying Plaintiff's Motion for Partial Summary Judgment and granting Defendant's
Motion for Partial Summary Judgment because the statute of limitations defense does not apply
to and does not preclude Appellants' claims and causes of action per Texas Civil Practice &
Remedies Code § 16.030; and (2) the trial court erred in granting Defendant's Motion for Partial
Summary Judgment and denying Plaintiffs' Motion for Partial Summary Judgment because the
statute of limitations defense does not apply to appellants' claims and causes of action because
appellee's actions constitute an ongoing and continuing tort and violation.
5. The Jamails also complain on appeal that (1) the trial court erred in denying Plaintiff's
Motion for Summary Partial Summary Judgment and granting Defendant's Motion for Partial
Summary Judgment because the plat and dedication conclusively establish as a matter of law that
Creek Ledge Street is a dedicated public street, or alternatively, subject to a perpetual public
access easement; (2) the trial court erred in granting Defendant's Motion for Partial Summary
Judgment and denying Plaintiffs' Motion for Partial Summary Judgment because the conditions
and criteria legally required for the Appellee Association to "privatize" Creek Ledge Street and
to construct and maintain a barrier across Creek Ledge Street have not and cannot be satisfied as
a matter of law; and (3) the trial court erred in allowing Appellee to submit and in considering
Appellee's supplemental evidence in support of Appellee's response to Appellants' Motion for
Partial Summary Judgment.


nce, a private nuisance, or both a public and a private
nuisance. Conversely, we conclude the record does not establish in the Jamails a right to
judgment as a matter of law. Genuine issues of material fact exist in the record concerning
whether the Jamails have sustained a special injury that entitles them to recover on their allegation
of a public nuisance, and whether laches, if proved, should bar the Jamails' equitable remedy of
injunction if the locked gate is determined to be a private nuisance or qualify any equitable remedy
if a continuing nuisance.

 We therefore hold the trial court erred in sustaining the Association's motion for
summary judgment based on its affirmative defense of limitations. We reverse that element of the
summary-judgment order. We hold the trial court did not err in denying the Jamails' motion for
summary judgment. We affirm that element of the order. We remand the cause to the trial court
for proceedings not inconsistent with our opinion. 



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: May 14, 1998

Publish

1. The Jamails alleged other claims against the Association; these were severed before the
appeal and are not before us.
2. The Association's response to the Jamails' motion for summary judgment and the
Association's own motion for partial summary judgment are both contained in a pleading titled
"Defendant's Amended Cross-Motion for Partial Summary Judgment on its Affirmative Defense
and Response to Plaintiff's [sic] Motion for Partial Summary Judgment." We construe the
Association's motion as referring both to the Jamails' prayer for declaratory relief and for a
permanent injunction.
3. In answer to the Jamails' petition, the Association averred generally that the Jamails' causes
of action were barred "because of the statute of limitations." In responding to the Jamails' motion
for partial summary judgment and in averring its own entitlement to judgment as a matter of law,
the Association specified one statute of limitations, being the four-year statute found in section
16.051 of the Texas Civil Practice and Remedies Code. The statute provides as follows: "Every
action for which there is no express limitations period, except an action for the recovery of real
property, must be brought not later than four years after the day the cause of action accrues." 
Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997).
4. Our discussion refers to the Jamails' third and fourth points of error: (1) The trial court
erred in denying Plaintiff's Motion for Partial Summary Judgment and granting Defendant's
Motion for Partial Summary Judgment because the statute of limitations defense does not apply
to and does not preclude Appellants' claims and causes of action per Texas Civil Practice &
Remedies Code § 16.030; and (2) the trial court erred in granting Defendant's Motion for Partial
Summary Judgment and denying Plaintiffs' Motion for Partial Summary Judgment because the
statute of limitations defense does not apply to appellants' claims and causes of action because
appellee's actions constitute an ongoing and continuing tort and violation.
5. The Ja