COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-110-CV

 

 

TIM GLEASON AND WIFE, DIANA                                        APPELLANTS

GLEASON AND RANDY ESTES AND 

WIFE, SUSAN ESTES

 

                                                   V.

 

ALBERT A. TAUB                                                                   APPELLEE

 

                                              ------------

 

           FROM THE 236TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

INTRODUCTION

Appellants
Tim and Diana Gleason and Randy and Susan Estes appeal from an order sustaining
a plea to the jurisdiction and granting summary judgment.  We reverse and remand.








FACTUAL
AND PROCEDURAL BACKGROUND

Appellants
allege that Appellee, Albert Taub, trespassed on their private property with a
bulldozer, destroyed vegetation, and removed 16,000 cubic feet of dirt for use
on another property where he was the construction manager.  The affected part of the property is subject
to a public drainage easement. 
Appellants sued Taub for trespass claiming that Taub=s actions have damaged them by
adversely affecting their visual enjoyment of the property and have shortened
the life of their trees.  

Taub
filed a plea to the jurisdiction, arguing that Appellants did not have standing
to sue for trespass.  He also filed a
motion for summary judgment, arguing that he did not owe Appellants a duty to
refrain from entering the property and removing dirt because the property was
subject to a public easement.  Taub also
argued that, as a matter of law, he had a right to enter the easement and
remove dirt and vegetation because his action improved the flow of water
through the easement.  The trial court
granted both the plea and the motion. 

DISCUSSION

Appellants
argue two issues on appeal: (1) the trial court erred by ruling  that Appellants lacked standing to sue and
(2) the trial court erred by granting Taub=s motion for summary judgment on all claims.  We will address each issue in turn.








STANDING

Standing
is a necessary component of subject matter jurisdiction, which is essential to
the authority of a court to decide a case. 
Brunson v. Woolsey, 63 S.W.3d 583, 587 (Tex. App.CFort Worth 2001, no pet.).  Standing is a question of law.  Id. 
Without a breach of a legal right belonging to a plaintiff, that
plaintiff has no standing to litigate.  Id.  A person has standing to sue when he or she
is personally aggrieved by an alleged wrong. 
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d
659, 661 (Tex. 1996).  Because the
question of jurisdiction is a legal question, we apply the de novo standard of
review.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144
(1999).   








A
cause of action for injury to real property is a personal right that belongs
solely to the owner of the property at the time the alleged injuries
occurred.  Senn v. Texaco, Inc.,
55 S.W.3d 222, 225 (Tex. App.CEastland 2001, pet. denied); Lay v. Aetna Ins. Co., 599 S.W.2d
684, 686 (Tex. Civ. App.CAustin 1980, writ ref=d n.r.e.).   The granting of a public utility easement
to the use and benefit of the public on a plat by the owner of a subdivision
creates an easement in favor of the city, for the benefit of the public, with
fee remaining in the owners and their successors in title.  Humble Oil & Ref. Co. v. Blankenburg,
235 S.W.2d 891, 893 (Tex. 1951).  When
an easement is dedicated to the public, possession and control of the surface
are surrendered to the public, but ownership is not surrendered.  See Cont=l Pipeline Co. v. Gandy, 162 S.W.2d 755, 757 (Tex. Civ.
App.CEl Paso 1941, writ ref=d w.o.m.). 

Taub
argues that Appellants do not have standing to assert a claim for trespass or
for damages to property within the public easement because Appellants are not
the entity whose primary legal right has been breached.   The land on which the trespass allegedly
occurred is entirely within a public floodway, drainage, and utility
easement.  Taub contends that because a
public easement is superior to the right of the individual who owns the fee,
only the publicCin this case, the City of
ArlingtonCcan bring a suit for trespass on
the public easement.  

We
find no Texas cases holding that a fee owner lacks standing to sue a private
party for trespass on private property that is subject to a public
easement.  Indeed, many cases resolve
just such disputes with no discussion or even mention of standing.  See, e.g., Grimes v. Corpus
Christi Transmission Co., 829 S.W.2d 335 (Tex. App.CCorpus Christi 1992, writ denied)
(resolving a dispute between a servient tenant and a gas company that laid a
pipeline in a public easement); Blackburn v. Brazos Valley Util., Inc.,
777 S.W.2d 758 (Tex. App.CBeaumont 1989, writ denied)
(resolving a dispute between servient tenant and a water utility company that
laid a pipeline in a public easement).








Taub
relies on Pak-Mor Manufacturing Co. v. Brown, 364 S.W.2d 89 (Tex. App.CSan Antonio 1962, writ ref=d n.r.e.), for the proposition
that only the dominant tenantCin this case, the City of ArlingtonChas standing to sue for trespass to a public
easement.  In that case, Pak-Mor built a
dike and a fence across a public drainage and roadway easement on its own
property.  Id. at 90.  The dike caused flooding on neighboring
property.  Id.  The neighboring landowners sued Pak-Mor
for nuisance.  Id.  The appellate court upheld the judgment of
the trial court requiring Pak-Mor to remove the dike because it caused damage
to the neighboring property.  Id.
at 95.  But the appellate court also
held that the neighboring landowners lacked standing to complain about the
fence.  Id. at 96.  While Pak-Mor built the fence in the
easement, it was entirely on Pak-Mor=s property and did not cause damage to the adjacent
land.  At most, the fence interfered
with the disused roadwayCsomething only the city or State
could complain about.  Id.  From this holding, Taub jumps to the
conclusion that only the city or State may ever sue for trespass on a
public easement.








Our
case is distinguishable from Pak-Mor. 
The key distinction is that Pak-Mor built its fence on its own property;
Taub, on the other hand, entered on and removed dirt from Appellants= property.   Pak-Mor neither trespassed on nor damaged
its neighbors= land; therefore, the neighbors
had no standing to complain about the fence. 
But in this case Taub allegedly trespassed on and damaged Appellants= property.  Appellants, unlike Pak-Mor=s neighbors, were directly affected
by Taub=s activity in the easement because
they own the servient estate.  Thus, Pak-Mor
does not support Taub=s standing argument.[1]

In
this case Appellants are the owners of the underlying fee to the property that
has directly been injured.  Taub entered
Appellants= property and removed dirt,
allegedly damaging their property.  
Appellants have standing to sue because they own the property and their
property rights have been aggrieved by the alleged wrong.  See Nootsie, 925 S.W.2d at 661.  

Because
Appellants have standing to sue, the trial court erred by sustaining Taub=s plea to the jurisdiction.  We sustain Appellants= first issue.  

SUMMARY
JUDGMENT








In
a summary judgment case, the issue on appeal is whether the movant met his
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  The
burden of proof is on the movant, and all doubts about the existence of a
genuine issue of material fact are resolved against the movant.  Limestone Prods. Distrib., Inc. v.
McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999); Friendswood Dev. Co. v. McDade & Co.,
926 S.W.2d 280, 282 (Tex. 1996); Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its
reasonable inferences in the light most favorable to the nonmovant.  Limestone Prods., 71 S.W.3d at 311; Great
Am., 391 S.W.2d at 47.  A
defendant is entitled to summary judgment if the summary judgment evidence
establishes, as a matter of law, that at least one element of a plaintiff=s cause of action cannot be
established.  Elliott-Williams Co. v.
Diaz, 9 S.W.3d 801, 803 (Tex. 1999). 








In
his motion for summary judgment Taub claims that, as a matter of law (1) he
owed Appellants no duty to refrain from entering the drainage and utility
easement or removing dirt from the easement, and (2) he had a right to go into
the area to improve the flow of water by moving dirt and removing vegetation
because such actions are within the scope of the easement.  We disagree.

In
support of his claim that he owed no duty to Appellants, Taub cites Langston
v. State, 812 S.W.2d 406, 408 (Tex. App.CHouston [14th Dist.] 1991), aff=d 855 S.W.2d 718 (Tex. Crim. App.
1993), for the proposition that a person who is in a public easement does not
commit a trespass against a private landowner adjoining the easement.  The court in Langston did hold that
protestors in the roadway easement outside of an abortion clinic were not
guilty of criminal trespass, but it conditioned its holding by stating that it
so held because the State had failed to prove that the clinic owned the servient
estate where the easement was located.  Id.

To
succeed under Langston, Taub needed to show conclusively that Appellants
did not own the property where the alleged trespass took place.  Id. 
Taub=s summary judgment evidence proves
just the opposite:  Appellants do own
the property where the alleged trespass took place, subject to the City of
Arlington=s drainage and utilities
easement.  Because Taub has not
conclusively disproved Appellants= ownership of the property, he has failed to show as a
matter of law that he owed no duty to Appellants.  See id.








Taub
also claims that as a matter of law he had a right to enter the easement and
conduct activities within the scope of the easement, specifically,  to improve drainage.  In support of his motion for summary
judgment, Taub presented the uncontroverted affidavit of professional engineer
and registered public surveyor Dustin Zimmerman, who stated that, in his
opinion, the movement of dirt and vegetation improved the flow of water and
drainage in the easement and that those actions did not exceed the Atypical usages@ that are made of floodway,
drainage, and utility easements. 








Taub
relies on Peterson v. Barron, 401 S.W.2d 680, 686 (Tex. Civ. App.CDallas 1966, no writ), and City
Public Service Board of San Antonio v. Karp, 585 S.W.2d 838, 841-42 (Tex.
Civ. App.CSan Antonio 1979, no writ), for
the proposition that a public drainage and utility easement may be altered in any
way consistent with the scope and intent of the use of the public
easement.  Taub fails to consider
important aspects of these two holdings. 
Peterson holds that the city has a right to alter and use
a public drainage and utility easement in any method consistent with the
easement=s purpose.  Peterson, 401 S.W.2d at 686.  Karp holds that the easement may be
used by the dominant tenant in a manner that is not inconsistent with
the purpose for which it was created.  Karp,
585 S.W.2d at 841-42.  In this case,
Taub is neither the city nor the dominant tenant.  The city or dominant tenant has an absolute right to alter the
easement in a manner consistent with its purpose.  See Carter v. Lee, 502 S.W.2d 925, 930 (Tex. Civ. App.CBeaumont 1973, writ ref'd n.r.e.)
(holding that a municipality has the exclusive right to control the drainage of
surface water within its city limits). 
Nothing in the law suggests Taub was exalted above the status of a rank
trespasser merely because his activities on Appellants= property happened to be
consistent with the public=s easement. 

Because
Taub failed to meet his summary judgment burden of establishing that he is
entitled to judgment as a matter of law, the trial court erred by granting his
motion for summary judgment.  We sustain
Appellants= second issue.

CONCLUSION

Having
sustained both of Appellants= issues, we reverse and remand to the trial court for further
proceedings.  See Tex. R. App. P. 43.2(d). 

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON,
GARDNER, and MCCOY, JJ.

 

DELIVERED:  October 20, 2005











[1]Taub also cites Jamail v.
Stoneledge Condominium Owners Association, 970 S.W.2d 673 (Tex. App.CAustin 1998, no pet.), Hale
County v. Davis, 572 S.W.2d 63 (Tex. App.CAmarillo 1978, writ ref=d n.r.e.), and Continental Pipeline,
162 S.W.2d at 755, for the proposition that a private citizen may not sue for
any damage to a public easement.  Jamail
is not relevant because it is a nuisance case dealing with the placement of a
gate across a public street where the appellants did not own the underlying
fee. Jamail, 970 S.W.2d at 676.  Continental
Pipeline is distinguishable because it concerned the proper use of a
roadway easement pursuant to a statutory grant.  Cont=l Pipeline, 162 S.W.2d at 757.  Hale does not support Taub=s argument at all because it holds
that the underlying fee owner does have standing to sue when a pipeline
for private use is placed beneath a public easement, though it is
distinguishable from the present case in that something was added to the
easement rather than being taken away.  Hale,  572 S.W.2d at 65.