In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00020-CV
_____

**ROBERT GOAD, SHIRLEY GOAD, AND ASHLEY GOAD, Appellants**

**V.**

**KHBM PARTNERS III, LTD., KHBM PARTNERS II, LTD., AND
KENDALL HOME BUILDERS, INC., Appellees**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 17-02-01454-CV

**MEMORANDUM OPINION**

Appellants Robert Goad, Shirley Goad, and Ashley Goad (referred to collectively as "the Goads") complain that the trial court erred in granting summary judgment to appellees, KHBM Partners III, Ltd., KHBM Partners II, Ltd., and Kendell Home Builders, Inc. (referred to collectively as "the Defendants"). We affirm the trial court's judgments.

1

BACKGROUND

In February 2017, the Goads filed suit against KHBM Partners III, Ltd. ("KHBM III") and Indian Forest Homeowners Association, Inc. ("Indian Forest"),[1] alleging causes of action against KHBM III for public and private nuisance, negligence, and deviation or diversion of storm runoff and drain water in violation of 11.086 of the Texas Water Code. *See* Tex. Water Code Ann. § 11.086. Robert and Shirley Goad own a single-family residence on an improved three-acre tract of land in Montgomery County, Texas, and their daughter Ashley occupies a second residence located on the property. The Goads alleged that KHBM III operated Caddo Village subdivision, which is located to the northwest of the Goads' property, and that KHBM III built and continues to build single-family residences in the subdivision along the south side of South Buffalo Circle. According to the Goads, KHBM III's negligent design, elevation, and construction of homes on South Buffalo Circle has resulted in an increase of storm runoff onto and through the Goads' property, resulting in severe overland flow erosion, loss of property use, and diminution of the Goads' property value. The Goads alleged that KHBM III elevated building pads and lots with red clay fill material which resulted in a deviation of the usual flow of storm runoff onto the Goads' property, and the Goads also alleged that

_____

[1]Indian Forest Homeowners Association, Inc. is not a party in this appeal.

2

KHBM III grated the lots in a manner that caused natural runoff to drain away from the drainage ditch along South Buffalo Circle and onto the Goads' property.

According to the Goads, KHBM III decreased the storm drainage area by removing a significant amount of timber, including timber on the Goads' property, and KHBM III left a considerable amount of construction waste and debris along and within the Goads' northwest property line. The Goads alleged that KHBM III's actions have increased storm runoff and diverted or directed storm drainage onto the Goads' property, causing the Goads to sustain severe damage to their homes, belongings, and real property. The Goads also alleged that their sustained losses and damages in the amount of $350,000 includes the diminished market value of their property because it is prone to flooding. The Goads further alleged that KHBM III's development and construction of homes along South Buffalo Circle has created a private and public nuisance, causing incessant problems due to the flooding of the Goads' property and residences since April/May 2015, rendering their home unfit for habitation, and substantially interfering with their use and enjoyment of their property.

The record shows that the trial court entered a Discovery Control Plan in June 2017, which set the Goads' case for a jury trial in May 2018. In November 2017, KHBM III filed its Original Answer, asserting a general denial and indicating that

3

KHBM III is also known as Kendell Homes. In February 2018, the trial court entered an Amended Discovery Control Plan, setting the deadline for amended pleadings on October 12, 2018, and ordering the discovery period to end on November 16, 2018. In August 2018, the parties entered into a Rule 11 Agreement, extending the deadlines for amending pleadings and designation of experts. In September 2018, KHBM III filed a Motion for Leave to Designate Responsible Third-Party Montgomery County, Texas, for its responsibility in failing to maintain the drainage pipes and ditches in the area in question, and the trial court granted the motion. The trial court also granted Indian Forest's Motions for Leave to Designate Responsible Third-Parties A.H. Curry & Son, Inc., a Texas Corporation; Powers Engineering; and M.C.C.R., a Texas Partnership. According to Indian Forest, A.H. Curry & Son and M.C.C.R. were responsible for the design, installation, construction, and development of the subdivision's drainage system, and Powers Engineering was responsible for designing the subdivision's storm sewer drainage plan.

In January 2019, the trial court granted Indian Forest's Traditional Motion for Summary Judgment. In January 2019, the trial court entered an Amended Docket Control Order setting the trial in June 2019. On October 31, 2019, the Goads filed Plaintiff's Motion For Leave To File Plaintiffs' First Amended Original Petition due to KHBM III's First Amended Responses to Requests for Disclosure filed on

October 11, 2019, which identified KHBM II and KHB as other corporate entities that should be named as necessary parties to the action. According to the Goads, KHBM III disclosed that KHBM II purchased lots 171-178 in the subdivision north and uphill from the Goads' property, construction began on many of the homes in Fall 2014, KHBM II provided for the construction of the homes through KHB, KHBM II and KHB are proper defendants regarding any alleged construction defects relating to the homes, and KHBM II conveyed all the lots to KHBM III between March and April 2015. The trial court granted the Goads' motion, and in November 2019, the Goads filed Plaintiffs' First Amended Original Petition, adding KHBM II and KHB as defendants and alleging causes of action for public and private nuisance, negligence, and deviation or diversion of storm runoff and drain water in violation of 11.086 of the Texas Water Code. KHBM II and KHB filed an Original Answer and pleaded the affirmative defense of statute of limitations and asserted that Ashley lacked standing.

KHBM III filed a Traditional and No Evidence for Motion of Summary Judgment, arguing that all the Goads' alleged claims involve actions by KHBM II and KHB, and that the Goads have no evidence that KHBM III committed any of the alleged causes of action because the Goads cannot show that KHBM III was involved with the construction, design, grading, or any other wrongful activity that

the Goads have alleged. According to KHBM III, KHBM II purchased the lots on South Buffalo Circle in July 2014, KHB obtained building permits for the lots in October 2014, and KHBM III did not conduct any business in 2014. KHBM III's summary judgment evidence includes the Affidavit of Glenn Briggs, the Chief Financial Officer of the Defendants, July 2014 Deeds to KHBM II, August 2014 Building Permits to KHB, and excerpts from Shirley's oral deposition. KHBM III argued that since the Goads failed to show that KHBM III constructed the homes, the Goads cannot prove the essential elements of a private nuisance or that KHBM III owed the Goads a duty and breached that duty. KHBM III further argued that the Goads did not have common law or statutory standing to prove a public nuisance because they failed to prove that the general public suffered a harm caused by KHBM III or that the Goads suffered a different kind of harm from the general public. KHBM III also argued that the Goads cannot prove that it violated section 11.086 of the Water Code, because section 11.086 requires that any damage that the Goads allegedly sustained must be the result of diffused surface water and not flood water or water from a defined course of channel. According to KHBM III, the evidence conclusively negates elements in each of the Goads' causes of action. The trial court entered an Interlocutory Order granting KHBM III's Traditional and No Evidence Motion for Summary Judgment.

KHBM II and KHB also filed a Traditional and No Evidence Motion for Summary Judgment and asserted that all the Goads' causes of action, which accrued no later than May 2015, are barred by a two-year statute of limitations. According to KHBM II and KHB, the Goads originally filed suit against KBMH III in February 2017 and alleged that their damages began to flow as early as Fall/Winter 2014 or before May 1, 2015, which is more than four years before the Goads filed suit against KHBM II and KHB. KHBM II and KHB argued that the Goads' claims for a violation of the Water Code, negligence, and nuisance are all barred by limitations because they occurred between October 1, 2014, and May 1, 2015. KHBM II and KHB further argued that they exclusively established the affirmative defense of statute of limitations as to all the Goads' claims, and the evidence conclusively negates one or more essential elements of the Goads' nuisance and Water Code claims. According to KHBM II and KHB, the Goads did not have common-law or statutory standing to prove a public nuisance, and the Goads could not prove a violation under 11.086 of the Water Code because the alleged damages were the result of flood water that overflowed out of a ditch that was constructed and owned by Montgomery County. KHBM II and KHB argued that the State of Texas has the ownership and non-delegable duty to control flood water and that the Goads cannot bring a claim under section 11.086 against any of the Defendants. KHBM II's and

7

KHB's summary judgment evidence includes Briggs's affidavit, July 2014 Deeds to KHBM II, 2014 Building Permits to KHB, and excerpts from Ashley's and Robert's oral depositions.

In their response to KHBM II's and KHB's Amended Motion for No Evidence and Traditional Summary Judgment, the Goads argued that the motion should be denied because the statements in the motion constitute conclusions and are nonspecific in challenging the Goads' claims. The Goads also argued that the discovery rule delays accrual of the cause of actions against responsible but unknown defendants until the plaintiff knew or in the exercise of reasonable diligence should have known of the party committing the wrongful conduct. According to the Goads, KHBM III did not disclose that KHBM II and KHB were the parties responsible for the development of the lots on South Buffalo Circle until October 2019. The Goads contend that KHBM III should have known that KHBM II and KHB were responsible parties sooner because David Wickens and Kenneth Wickens manage and own all the Defendants. The Goads also argued that the deviation or diversion of storm runoff water created by KHBM II and KHB violates section 11.086 of the Water Code because it is only surface water flowing from Caddo Village onto their property. The Goads maintained that their summary judgment evidence, including the affidavits of Shirley and Ronald Saikowski, the

8

excerpts of Shirley's deposition, the Google Earth aerial photograph of Caddo Village and the Goads' property, raises a fact issue on the challenged elements because a material fact exists concerning whether KHBM II and KHB are responsible for the Goads' loss.

The Goads also filed a response to KHBM III's Amended Motion for No Evidence and Traditional Summary Judgment. The Goads argued that in October 2019, counsel for KHBM III sent an email to the Goads' counsel disclosing that KHBM II and KHB were responsible for the development of the lots and residences on South Buffalo Circle. According to the Goads, Briggs is the Chief Financial Officer of the Defendants, and in his affidavit, Briggs does not conclusively state when the construction of the homes on Lots 171-178 began or when it was completed. The Goads argued that their summary judgment evidence, which shows that KHBM III owned lots on South Buffalo Circle where the homes were constructed, raises a fact issue concerning whether KHBM III is responsible for the Goads' loss.

KHBM II and KHB filed a reply to the Goads' response and argued that the discovery rule does not apply and that the Goads failed to cite a case showing that a plaintiff can evade limitations when they learn of actions and damages, file suit, fail to send Request for Disclosures for over two years, and then discover that a search

of public records shows that two relevant entities are the only entities connected to the land during all relevant acts. KHBM II and KHB argued that they were not "unknown" defendants because the exercise of any diligence would have discovered their existence. KHBM II and KHB further argued that the Goads failed to prove that their damages resulted from surface water.

The trial court granted KHBM III's Traditional and No Evidence Motion for Summary Judgment. The trial court also granted KHBM II's and KHB's Traditional and No Evidence Motion for Summary Judgment. The Goads appealed.

## ANALYSIS

In their sole issue, the Goads argue that the trial court erred in granting the Defendants' Traditional and No Evidence Motions for Summary Judgment. We review rulings on motions for summary judgment using a *de novo* standard. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The trial court's orders granting summary judgment do not specify the basis for the ruling; thus, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

In resolving the Goads' issues, we must consider the ruling on the no-evidence part of the Defendants' hybrid motions for summary judgment before considering the ruling on the traditional portion of the Defendants' motion. *See Ford Motor Co.*

10

*v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing a no-evidence motion, we must view the evidence in the light most favorable to the non-movant. *Id.* at 601. The Texas Supreme Court has explained that the trial court must grant a no-evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively established the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because a trial court's decision granting a no-evidence motion for summary judgment is essentially a pretrial directed verdict, the same legal sufficiency standard is used in reviewing rulings made by trial courts on motions for directed verdicts. *Id.* at 750-51. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

"If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily

fails." *First United Pentecostal Church of Beaumont, d/b/a The Anchor of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). A party moving for traditional summary judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

The party asserting an affirmative defense has the burden of pleading and proving the defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310-11 (Tex. 1984); *see also* Tex. R. Civ. P. 94. A defendant is entitled to summary judgment on the affirmative defense of limitations if it conclusively establishes all necessary elements of that affirmative defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997); *Thomas v. Omar Invs., Inc.*, 129 S.W.3d 290, 293 (Tex. App.—Dallas 2004, no pet.). Summary judgment will be affirmed only if the record shows that the defendant conclusively proved all elements of the affirmative defense as a matter of law. *Thomas*, 129 S.W.3d at 293.

## APPLICABLE LAW

To prevail on a negligence claim, a plaintiff must prove three elements: (1) legal duty owed by one person to another; (2) breach of that duty, and (3) damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). "The threshold

inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). To establish liability in tort, the plaintiff must establish the existence and the violation of a duty that the defendant owes the plaintiff. *Id.* Whether a legal duty exists is a question of law for the court to decide based on the particular facts surrounding the occurrence in question. *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 459-60 (Tex. App.—Dallas 2007, pet. denied).

To be entitled to summary judgment on a public nuisance claim, the plaintiff must prove the existence of a public nuisance, which is "a condition that amounts to 'an unreasonable interference with a right common to the general public.'" *Tex. Cent. Partners, LLC v. Grimes Cty.*, 580 S.W.3d 824, 827 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting *Jamail v. Stoneledge Condo. Owners Ass'n*, 970 S.W.2d 673, 676 (Tex. App.—Austin 1998, no pet.)). A private person may not maintain an action based on public nuisance without showing that a "special injury" resulted from the nuisance. *Jamail*, 970 S.W.2d at 676. The difference between a public and private nuisance is that a public nuisance affects the public at large, while a private nuisance is a non-trespassory invasion of another's interest in the private use and enjoyment of land. *Walker v. Tex. Elec. Serv. Co.*, 499 S.W.2d 20, 27 (Tex.

13

Civ. App.—Fort Worth 1973, no writ); *Kane v. Cameron Int'l Corp.*, 331 S.W.3d 145, 147 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

"A 'nuisance' is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003). A nuisance arises when a defendant causes (1) physical harm to property, such as by the encroachment of a damaging substance or by the property's destruction, (2) physical harm to a person or his property from an assault on his senses or by other personal injury, and (3) emotional harm to a person from the deprivation of the enjoyment of his property through fear, apprehension, or loss of peace of mind. *Salazar v. Sanders*, 440 S.W.3d 863, 870 (Tex. App.—El Paso 2013, pet. denied); *Aguilar v. Trujillo*, 162 S.W.3d 839, 850 (Tex. App.—El Paso 2005, pet. denied). To have an actionable nuisance, a defendant must engage in one of three kinds of activity: (1) intentional invasion of another's interests; (2) negligent invasion of another's interests; or (3) other conduct that is culpable because it is abnormal and out of place in its surroundings, and that invades another's interests. *Aguilar*, 162 S.W.3d at 850-51. To prevail on a nuisance claim grounded in negligence, the plaintiff must allege and prove a legal duty owed to the plaintiff, a

breach of that duty, and damage proximately resulting from that breach. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 607 (Tex. 2016).

To prove statutory liability under section 11.086 of the Texas Water Code, the plaintiff must show that a person diverted or impounded the natural flow of "surface water" in a manner that damaged the property of another by the overflow of the water diverted or impounded. *See* Tex. Water Code Ann. § 11.086(a). "Surface water," as used in section 11.086, means "diffused surface water, *i.e.*, water 'which is diffused over the ground from falling rains or melting snows, and [it] continues to be such until it reaches some bed or channel in which water is accustomed to flow.'" *See id.*; *Dietrich v. Goodman*, 123 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citations omitted). The chief characteristic of "surface water" is that it does not follow a defined course or channel and does not gather into or form a natural body of water. *Id.* (citations omitted). Thus, when rainwater is under control by a ditch or pipe, it no longer qualifies as surface water. *Id.*; *Dalon v. City of DeSoto*, 852 S.W.2d 530, 538 (Tex. App.—Dallas 1992, writ denied).

KHBM III's Motion for Summary Judgment

KHBM III argued that the Goads failed to prove the essential elements of their four alleged causes of action. Regarding the Goads' negligence claim, KHBM III argued that the Goads have no evidence that it constructed the homes or was

15

responsible for any of the alleged wrongful activity, and without such evidence, the Goads have no evidence of duty, breach of duty, or causation. The Goads argued that their damages occurred due to KHBM III's negligent conduct, included grading, elevating, designing, and constructing the residences along South Buffalo Circle. The Goads further argued that their summary-judgment evidence, which shows that KHBM III owned Lots 171-178 on South Buffalo Circle where the homes were constructed, raises a fact issue concerning whether KHBM III is responsible for their loss. In support of their contention that KHBM III had input in the construction of the residences on Lots 171-178, the Goads point out that Briggs' affidavit does not conclusively state when the construction of the homes began or when it was completed.

To prevail on a negligence claim, the Goads must prove that KHBM III owed them a legal duty, breached that duty, and that their damages were proximately caused by the breach. *See Kroger*, 197 S.W.3d at 794. After reviewing the Goads' summary-judgment evidence, we have found no evidence that KHBM III owed the Goads any legal duty because there is no evidence that KHBM III graded or elevated Lots 171-178 or designed or constructed the homes on Lots 171-178. Neither Shirley's affidavit nor the affidavit of Ronald Saikowski, a professional engineer, shows that KHBM III performed any of the alleged wrongful activity on Lots 171-

16

178. Additionally, the printouts from the Montgomery County Appraisal District showing that KHBM III bought the homes on Lots 171-178 in 2015, does not raise a genuine issue of material fact regarding KHBM's involvement in any of the alleged wrongful activity on Lots 171-178.

Moreover, the uncontroverted evidence submitted in the form of the affidavit of Briggs, indicates that KHB obtained building permits on Lots 171-178 in October 2014 and began building homes on the lots on behalf of KHBM II, KHBM III bought the lots and homes in Spring 2015, and KHBM III was not involved in any of the activities or construction defects the Goads allege. In the absence of evidence controverting Briggs' affidavit and creating a fact issue on whether KHBM III performed any of the alleged wrongful activity, we conclude that the trial court did not err in granting summary judgment in KHDM III's favor on the Goads' negligence claim because the Goads failed to produce more than a scintilla of evidence establishing the existence of a legal duty. *See Kroger*, 197 S.W.3d at 794; *Kindred*, 650 S.W.2d at 63.

Concerning the Goads' nuisance claims, the Goads argued that their nuisance claims were based on KHBM III's development and construction of homes along South Buffalo Circle. KHBM III argued that the Goads failed to prove a private nuisance because there is no evidence that KHBM III owned lots 171 through 178

17

when KHB constructed the homes or that KHBM III was involved with the construction, design, grading, elevation, development, or any other alleged wrongful activity concerning the lots. According to KHBM III, there is no evidence that it engaged in any activity that constitutes a public nuisance, performed any of the alleged wrongful activities, or caused the Goads to suffer some special harm that is different from the general public. To have an actionable nuisance, the Goads had to prove that KHBM III engaged in conduct that caused a condition that substantially interfered with the Goads' use and enjoyment of their land. *See Gardiner*, 505 S.W.3d at 606. Having already concluded that there is no evidence that KHBM III engaged in any of the alleged wrongful conduct, we conclude that the trial court did not err in granting summary judgment in KHDM III's favor on the Goads' nuisance claims. *See Kroger*, 197 S.W.3d at 794; *Kindred*, 650 S.W.2d at 63.

Lastly, regarding the Goads' claim that KHBM III violated section 11.086 of the Texas Water Code, KHBM III argued that the Goads failed to satisfy their burden of proof to bring forth any evidence showing that their alleged damages was the result of diffused surface water and not flood water or water from a defined course or channel. KHBM III further argued that the Goads have no evidence that KHBM III constructed or filled in any ditch, swale, gully, or creek. The Goads argued that they are not required to prove that "any drop of rain that came upon their property

18

as surface water after falling on the roofs and backyards of the South Buffalo Circle homes does not constitute flood water."

To prove statutory liability under section 11.086 of the Texas Water Code, the Goad had to show that KHBM III diverted or impounded the natural flow of surface water in a manner that damaged the Goads' property by the overflow of the water diverted or impounded. *See* Tex. Water Code Ann. § 11.086(a). Based on our review of the Goads' summary-judgment evidence, we have found no evidence that KHBM III engaged in any of the alleged activity that the Goads contend diverted or impounded the natural flow of surface water. We conclude that the trial court did not err in granting summary judgment in KHBM III's favor on the Goads' Water Code claim. Since we have concluded that the trial court did not err in granting the KHBM III's no-evidence motion for summary judgment on all of the Goads' claims, we need not address the Goads' arguments regarding the traditional summary-judgment grounds. *See* Tex. R. App. P. 47.1.

KHBM II's and KHB's Motion for Summary Judgment

KHBM II and KHB argued that all of the Goads' claims are governed by a two-year statute of limitations; the Goad's causes of action accrued no later than February 2015; the Goads' lawsuit filed in November 2017 against KHBM III includes the same facts, damages, and causes of action that the Goads allege against

19

KHBM II and KHB; and the Goads' lawsuit filed in November 2019 is barred by as a matter of law on limitations grounds. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004); *Graham v. Pirkey*, 212 S.W.3d 507, 512-13 (Tex. App.—Austin 2006, no pet.); *Sanders v. Constr. Equity, Inc.*, 42 S.W.3d 364, 368 (Tex. App.—Beaumont 2001, pet. denied). The Goads argued that the discovery rule delays the accrual of the cause of action because they did not know that KHBM II and KHB were the responsible parties until KHBM III disclosed the appropriate defendants in 2019.

Defendants moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish the defense. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see* Tex. R. Civ. P. 166a(c). To be entitled to summary judgment, the defendants must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury. *KPMG Peat Marwick*, 988 S.W.2d at 748. Limitations begins to run when the cause of action accrues. *See Trunkhill Capital, Inc. v. Jansma*, 905 S.W.2d 464, 467 (Tex. App.—Waco 1995, writ denied). The discovery rule is an

20

exception to this rule of accrual. *Sanders*, 42 S.W.3d at 368. In cases in which the discovery rule applies, the cause of action does not accrue, and the limitations period does not begin to run until the plaintiff knows, or exercising reasonable diligence, should know of the facts giving rise to a cause of action. *See HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).

However, a party must plead the discovery rule before it has applicability. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see also Hall v. Stephenson*, 919 S.W.2d 454, 468 (Tex. App.—Fort Worth 1996, writ denied). The Goads did not assert the discovery rule in Plaintiffs' First Amended Original Petition. The Goads first raise the discovery rule in their Response to KHBM II's and KHB's Amended Motion to for No-Evidence and Traditional Summary Judgment, in which KHBM II and KHB argued that all of the Goads' claims were barred by limitations. In the reply on Summary Judgment, KHBM II and KHB argued that the Goads have a duty to plead the discovery rule and that the Goads seek to avoid defeat by "applying the unpled and unproven discovery rule exception."

The summary-judgment evidence shows that the Goads filed claims against KHBM II and KHB in November 2019, more than two years after the Goads filed suit against KHBM III in which they alleged the same cause of actions and that their

damages due to flooding began in April/ May 2015. We conclude that KHBM II and KHB established as a matter of law that the Goads' claims accrued no later than May 2015. We further conclude that because the Goads first brought suit against KHBM II and KHB in November 2019, their claims for negligence, nuisance, and violation of the Water Code are barred by the two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Bates*, 147 S.W.3d at 270; *Graham*, 212 S.W.3d at 512-13; *Sanders*, 42 S.W.3d at 368. Accordingly, since KHBM II and KHB established the affirmative defense of limitations by conclusively showing that the Goads' causes of action accrued more than two years before the Goads filed suit and that the discovery rule does not apply because the Goads did not properly plead the discovery rule, the trial court did not err in granting summary judgment in KHBM II's and KHB's favor on all the Goads' claims. *See Steel*, 997 S.W.2d at 223; *KPMG Peat Marwick*, 988 S.W.2d at 748. We overrule the Goads' sole issue and affirm the trial court's orders granting summary judgment in favor of the Defendants.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on April 30, 2021
Opinion Delivered October 7, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

22