# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00542-CV

Jean Graham, Appellant

v.

Louis T. Pirkey, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GN400163, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

Jean Graham sued Louis Pirkey for damages stemming from nuisance, trespass, and the unlawful diversion of water onto her property. Pirkey moved for summary judgment alleging that Graham's claims were barred by the statute of limitations. The district court granted Pirkey's motion and dismissed all of Graham's claims. Because we hold that issues of material fact exist as to some of Graham's claims, we affirm the summary judgment in part and reverse and remand in part for further proceedings.

## BACKGROUND

Graham and Pirkey are neighbors whose homes are situated on adjacent lakefront tracts. In 1990, John Steele, the previous owner of Pirkey's property, graded and leveled part of his

land to install a pool and a new driveway. At the same time, the record indicates that Steele also installed a new drainage pipe that diverted rainwater runoff to Graham's property. Pirkey acquired the property in 1991, shortly after Steele added these improvements. Graham insists that these modifications altered the pre-existing drainage pattern for rainwater runoff and caused "large amounts of surface water to be diverted" onto her property, damaging her deck and eroding portions of her backyard.

Graham complained to Pirkey. In response to Graham's complaints, Pirkey asked Tom Hall, Steele's contractor, to investigate whether the erosion on Graham's property was due to diverted runoff. In July 1993, Pirkey sent a letter to Graham informing her that Hall had inspected the properties and was of the opinion that "the problems with your deck have to do with poor construction and the erosion which occurred when Lake Travis flooded in late '91 and early '92." However, Pirkey agreed to inquire as to whether there was a feasible solution for preventing water from flowing onto Graham's property.

Graham hired Thomas Loomis, a professional engineer and hydrologist, to perform a preliminary drainage analysis. In April 1996, Loomis sent a letter to Graham in which he discussed his findings. Loomis asserted that "flows have been diverted by your neighbor such that they now enter your property in a location different from where they did prior to the construction . . . of a drainage pipe and inlet system."[1] Loomis suggested that the "footings of the lower portion of

---

[1] The inlet to the drainage pipe consisted of an eight inch diameter pipe that extended from a small wall that partially surrounded a sump area. Loomis concluded that the drainage system was designed to allow water to pool in the sump area while it drains into the pipe which channels it to the rear of Graham's property.

[Graham's] backyard deck" have been undercut by the "erosive flows from surface runoff supplied from the new pipe outflows."[2]

In 2002, Pirkey removed the wall that channeled rainwater into the sump area surrounding the drainage pipe added in 1990. Graham claims that the removal of the wall further altered the directional flow of the diverted water, creating a new runoff channel that dumps water on the front of her property and has now destroyed her front yard fence and other portions of her yard. In January 2004, Graham sued Pirkey in district court for damages stemming from nuisance, trespass and the alleged unlawful diversion of water.[3] Pirkey generally denied Graham's allegations and moved for summary judgment, asserting that all of Graham's claims were barred by the statute of limitations. Based on the supreme court's holding in *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264 (Tex. 2004), Pirkey argued that the runoff from each rainfall constitutes a permanent nuisance, that Graham's cause of action accrued in 1990, and that the applicable limitations period expired two years later.

In *Schneider* several renters and homeowners, who had resided near the Houston Ship Channel for at least two years, alleged that their property was constantly covered with dirt and soot

---

[2] In September or October 1998, Graham's lower deck began to crack and the stairs washed away.

[3] In March 1999, Graham sued Pirkey in Travis County small claims court. In May 2000, she filed a separate lawsuit in the county court at law. The small claims court suit was first abated and then consolidated with the county court at law suit in November 2000. The consolidated lawsuit was dismissed with prejudice for want of prosecution in October 2003. The record does not reveal if there was any settlement preceding the 2003 dismissal.

that emanated from the defendants' manufacturing operations.[4] *Schneider*, 147 S.W.3d at 268. The residents' affidavits indicated that the offensive conditions were ongoing and frequent. *Id*. The defendants moved for summary judgment on limitations asserting that the residents' affidavits established as a matter of law that their claims alleged permanent nuisances. *Id*. at 269. The supreme court held:

> If a nuisance occurs several times in the years leading up to a trial and is likely to continue, jurors will generally have enough evidence of frequency and duration to reasonably evaluate its impact on neighboring property values. In such cases, the nuisance should be treated as permanent, even if the exact dates, frequency, or extent of future damage remain unknown. Conversely, a nuisance as to which any future impact remains speculative at the time of trial must be deemed "temporary."

*Id*. at 280. Applying this distinction to the residents' claims, the supreme court found that none of the residents' affidavits alleged "conditions that were so sporadic or unpredictable that a jury would have to guess their effect." *Id*. at 291. Therefore, the supreme court held that the nuisances were permanent and that the residents' claims were barred by the statute of limitations. *Id*. at 291-93.

In response to Pirkey's motion for summary judgment, Graham claimed that Pirkey substantially changed the original nuisance in 2002 by removing the wall that channeled water into the sump area and, ultimately, into the drainage pipe. Graham maintains that this act created a new

---

[4] The supreme court noted that the limitations period for a private nuisance claim is two years. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2005).

4

and distinct nuisance. The district court granted Pirkey's summary-judgment motion and dismissed all of Graham's claims. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When reviewing a summary judgment, we take as true all competent evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to (1) conclusively prove when the cause of action accrued and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised.[5] *Diversicare Gen. Partner*, 185 S.W.3d at 846; *KPMG*, 988 S.W.2d at 748. If a movant establishes that the statute of limitations bars an action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of limitations. *KPMG*, 988 S.W.2d at 748.

## DISCUSSION

On appeal, Graham contends that the district court erred in granting summary judgment for Pirkey on the basis of limitations because (1) she raised an issue of material fact

---

[5] The applicability of the discovery rule was not pled below and is not an issue on appeal.

5

regarding a substantial change in the nature of the nuisance, and (2) her cause of action alleging a violation of section 11.086 of the water code was timely filed.

**Nuisance**

In her first issue, Graham contends that the district court erred in granting summary judgment on the basis of limitations because she raised an issue of material fact concerning whether Pirkey created a new nuisance by removing the wall in 2002. Graham insists that the statute of limitations does not bar her claim for damages stemming from the new nuisance because her suit was filed within two years of the date the wall was removed.

A "nuisance" is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities. *Schneider*, 147 S.W.3d at 269. The limitations period for a private nuisance claim is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2005); *Schneider*, 147 S.W.3d at 270. As with many other common-law claims, the accrual date of a common-law nuisance is not defined by statute. *Schneider*, 147 S.W.3d at 270. The accrual of a nuisance claim depends on whether the nuisance alleged is "permanent" or "temporary." *Id*. A permanent nuisance claim accrues when injury first occurs or is discovered; a temporary nuisance claim accrues anew upon each injury. *Id*. Accrual of limitations is a question of law for the court. *Id*. at 274-75. The *Schneider* court acknowledged that a distinct or substantially changed nuisance may accrue at a later date than the original nuisance. *Id*. at 279. The court also noted that limitations would not bar a nuisance suit asserting an entirely new and different injury to new property due to new forces. *Id*. "Thus, an old nuisance does not excuse a new and different one." *Id*. at 280.

6

Graham's written response to Pirkey's motion asserted that the summary-judgment evidence raised an issue of material fact as to whether the removal of the wall around the drainage pipe and sump area in 2002 substantially changed the nature of the original nuisance and created a new and distinct nuisance. In her affidavit, Graham stated:

> After February 2002, the pipe header wall was removed causing the third new street runoff flow. . . . This new runoff channeling has destroyed our front yard fence and the backyard porch walls and awning supports. . . . The removal of the pipe header wall caused the water to now flow directly over the pipe instead of away from it, once the pipe becomes overwhelmed with runoff. Instead of being forced back onto the street by this header wall, the street runoff now flows over the pipe and through our front yard fence and over our yard.
>
> As well, the removal of the pipe header wall reduced the head pressure of the water entering the pipe reducing the flow through the pipe. . . . This wall removal not only changed the flow pattern outside of the pipe but also increased the outside flow as well with less water running through the pipe.

In addition, Loomis's 1996 report indicates that the wall was designed to be a functional component of the drainage system added in 1990.

It is undisputed that the diverted water constituted a recurring permanent nuisance under the holding announced in *Schneider*. *Id.* And there is no dispute that the diversion of water began and was discovered in 1990. We agree with Pirkey that any damages incurred because of Steele's installation of the drainage pipe, grading and leveling in 1990 are barred by limitations. *See id.* at 270. However, taking Graham's summary-judgment evidence as true and indulging every inference in Graham's favor, we hold that Graham showed there was a fact question as to whether Pirkey's removal of the wall in 2002 substantially changed the original nuisance to such an extent that a new and distinct nuisance was created. *Id*. at 279-80; *see also Southwestern Elec. Power Co.*,

7

73 S.W.3d at 215. Consequently, Pirkey did not carry his summary judgment burden of establishing that all of Graham's claims are barred by the statute of limitations. *Diversicare Gen. Partner*, 185 S.W.3d at 846. If a new nuisance was created in 2002, Graham's claims for those damages would not be barred by limitations. We hold that the district court erred in granting summary judgment in favor of Pirkey as to Graham's claims stemming from the 2002 removal of the wall.

**Section 11.086 of the water code**

In her second issue, Graham claims that the district court erred in granting summary judgment on her claim that Pirkey violated section 11.086 of the water code by unlawfully diverting water onto her property. Section 11.086 states: "No person may divert . . . the natural flow of surface waters in this state . . . in a manner that damages the property of another by the overflow of the water diverted." Tex. Water Code Ann. § 11.086(a) (West 2000). Because section 11.086 establishes a statutory cause of action, Graham insists that the district court erroneously applied the rule announced in *Schneider*, pertaining to the accrual of a common-law nuisance claim, to determine that her cause of action under the water code was barred by the statute of limitations.

Pirkey maintains that Graham's water code claim was subject to the two-year statute of limitations for damages to land imposed by section 16.003(a) of the civil practices and remedies code. Section 16.003(a) requires a person to "bring suit for trespass for injury to the estate or to the property of another . . . not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2005). Actions for damage to real property must be brought within two years of the injury. *Veliscol Chem. Corp. v. Winogad*, 956 S.W.2d 529, 530

8

(Tex. 1997) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003). Similarly, the *Schneider* court recognized that the limitations period for a private nuisance claim is two years. *Schneider*, 147 S.W.3d at 270 (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003). In addition, the Fourteenth Court of Appeals has specifically held that a two-year statute of limitations applies to claims brought under section 11.086 of the water code. *See Anders v. Mallard & Mallard, Inc.*, 817 S.W.2d 90, 95 (Tex. App.—Houston [14th Dist.] 1991, no writ). We agree with Pirkey that a two-year statute of limitations applies to Graham's water code claims.

We have held that issues of material fact exist with regard to whether the 2002 removal of the wall around the drainage pipe and sump area created a new nuisance. Similarly, there is a material fact issue as to whether the removal of the wall and the resulting change in the directional flow of the diverted water constituted a second violation of water code section 11.086. Any statutory cause of action for damages predicated on the 1990 diversion of water is barred by the statute of limitations. However, because there are fact issues regarding whether the removal of the wall constituted a second water code violation that created new damages, and because Graham's suit was filed within two years from the date the wall was removed, we hold that the district court erred in granting summary judgment in Pirkey's favor as to these claims on the basis of limitations.

**CONCLUSION**

We affirm the district court's summary judgment as to Graham's claims for damages from nuisance, trespass, or statutory diversion of water that were caused by the 1990 modifications to Pirkey's property. However, because we hold that issues of material fact exist, we reverse the summary judgment in part and remand for further proceedings to determine whether Pirkey created

9

a new nuisance in 2002 that caused new and distinct damages to Graham's property and whether there was a second violation of the water code.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed:   July 21, 2006