

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00233-CV

———————————————

JLMH INVESTMENTS, LLC, Appellant

V.

FAMILY DOLLAR STORES OF TEXAS, LLC, ARCP FDCCC1403 LLC, 7B
BUILDING & DEVELOPMENT, LLC, TRIPLE C DEVELOPMENT, INC.,
BURKHARDT ENGINEERING COMPANY, AND M&S UTILITY
CONSTRUCTION, LLC, Appellees

---

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-316818-20

---

Before Kerr and Walker, JJ.; and Ruben Gonzalez, J. (Sitting by Assignment)
Memorandum Opinion by Justice Walker
Justice Gonzalez concurs without opinion

**MEMORANDUM OPINION**

In this nuisance case, Appellees[1] constructed a retail store adjacent to property owned by Appellant JLMH Investments, LLC (JLMH). JLMH sued when its property started flooding after every rainfall, allegedly due to an improper drainage design at the retail store. The trial court granted Appellees' motions for summary judgment on limitations grounds, and JLMH raises three appellate issues challenging the propriety of that judgment. We will affirm in part and reverse and remand in part.

## I. BACKGROUND

The material summary-judgment facts in this case are undisputed. Between 2014 and 2016, Appellees built a Family Dollar Store (the Store) adjacent to JLMH's commercial property in Fort Worth, Texas. As the Store's construction neared completion in 2016, one of JLMH's owners, Mary Hyatt, noticed that JLMH's property had started to flood heavily "[e]very time it rained," which deposited trash and silt across the property. Around the same time, Mark Cummins—an employee who worked at a business occupying JLMH's property—alerted Hyatt to cracks that had recently appeared in JLMH's parking lot allegedly caused by standing water. The cracks in the parking lot and the flooding had not occurred prior to the Store's construction.

---

[1]Appellees are Family Dollar Stores of Texas, LLC, (Family Dollar); ARCP FDCCC1403 LLC (ARCP); 7B Building & Development, LLC (7B Building); Triple C Development, Inc. (Triple C); Burkhardt Engineering Company (Burkhardt); and M&S Utility Construction, LLC (M&S).

For the next two years, Hyatt sought help—with little success—from the City of Fort Worth to ameliorate the problem. She contended that JLMH's property was flooding due to issues brought on by the shoddy design of the Store's drainage system. In March 2019, JLMH hired a plumber to inspect the property for water leaks. The plumber reported that there were no water leaks on the property but informed Hyatt that JLMH's building was "sitting in the middle of a lake." Then, in May 2019, JLMH hired an engineer to perform a foundation inspection at its property. The engineer reported that "the [Store's] drainage system ha[d] caused the groundwater of [JLMH's] property to increase significantly and caused a heave pattern and started to distress the [] property."

The flooding persisted, so, on May 8, 2020, JLMH filed its original petition against Family Dollar and ARCP.[2] Initially, JLMH sought only money damages for claims of nuisance, trespass, negligent and intentional diversion of water, and violations of Section 11.086 of the Texas Water Code. Appellees moved jointly for summary judgment, contending that "all of [JLMH's] claims . . . [were] barred by the applicable statute of limitations."

JLMH then filed its first amended petition on March 10, 2023, which added a request for permanent injunctive relief to abate the flooding issue. 7B Building

---

[2]The remaining Appellees were later added as third-party defendants.

3

followed this with another motion for summary judgment.[3] It asserted that it was entitled to summary judgment because "all of [JLMH's] claims were barred by the applicable statute of limitations," though it did not specifically address JLMH's request for injunctive relief.

JLMH responded to both motions for summary judgment on April 10, 2023—the same day that it filed its second amended petition.[4] In its response, JLMH argued that its claims were timely because the applicable accrual date occurred at the earliest in March 2019 (when the plumber reported to Hyatt that JLMH's building was "sitting in a lake") or May 2019 (when the engineer attributed the flooding at the property to the Store's poor drainage design). JLMH also argued that the continuing-tort doctrine applied and that the flooding was a temporary rather than permanent nuisance—both of which would defeat the limitations defense. At no point did JLMH plead the discovery rule.

On April 14, 2023, the trial court granted 7B Building's motion.[5] Then, on April 17, 2023, the trial court granted Appellees' initial motion for summary judgment,

---

[3]Three other Appellees joined 7B Building's motion: Burkhardt, Triple C, and Family Dollar.

[4]The only apparent difference between the first and second amended petitions is that the second amended petition included factual allegations to identify how each Appellee related to the dispute.

[5]The April 14 order dismissed only the claims brought against 7B Building.

which dismissed all claims against all Appellees.[6]  Finally, the trial court entered an "Order Clarifying Summary Judgment Orders and Order Allowing Permissive Interlocutory Appeal" (Clarifying Order) on May 8, 2023.[7]

On July 7, 2023, JLMH directly appealed the trial court's "final and appealable" summary-judgment orders.  It did not file a permissive interlocutory appeal.

## II.  STANDARD OF REVIEW

We review a summary judgment de novo.  *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense.  *Frost Nat'l Bank v. Fernandez*,

---

[6]The April 17 order dismissed all causes of action "against all Defendants and Third-Party Defendants" and purported to be final, appealable, and disposing of all parties and claims.

[7]The Clarifying Order noted that it had considered an oral motion made by JLMH to clarify the summary-judgment orders and to proceed with trial on injunctive relief.  It granted JLMH's requests for an interlocutory appeal and a stay pending that interlocutory appeal.  It made no further orders and made no perceivable clarifications to its prior orders.

5

315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To be entitled to summary judgment on a limitations defense, the defendant must conclusively prove when the cause of action accrued and negate the discovery rule if it is applicable and has been properly pleaded. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the defendant establishes that the action is barred by limitations, the plaintiff must then provide evidence that raises a fact issue on limitations to avoid summary judgment. *Id.*

## III. DISCUSSION

JLMH contends that the trial court erred by granting summary judgment for three reasons: (1) Appellees did not address JLMH's claim for a permanent injunction in their motions for summary judgment; (2) a limitations defense does not bar JLMH's request for injunctive relief to abate a nuisance; and (3) JLMH timely filed its claims for nuisance, trespass, negligence, and violations of the Texas Water Code.

### A. MOTIONS BROAD ENOUGH TO ENCOMPASS INJUNCTION

In its first issue, JLMH argues that the trial court erred in granting summary judgment as to its request for injunctive relief because neither of Appellees' motions for summary judgment directly addressed the injunction request. Accordingly, says JLMH, Appellees' motions did not encompass the injunction request so summary judgment as to that request was improper. Put differently, JLMH argues that the trial court should have denied Appellees' motions for summary judgment as to its request for injunctive relief because Appellees did not properly address it in their motions.

6

Appellees counter that their motions were broad enough to encompass the injunction request. We agree with Appellees.

Generally, a movant that does not amend its pending motion for summary judgment to address claims added in a subsequent petition is not entitled to summary judgment on those claims. *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983). But, an amended motion is not required when a ground asserted in the original motion is broad enough to encompass or is derivative of the newly asserted claims. *Haji v. Valentine Enters., Inc.*, No. 02-12-00066-CV, 2014 WL 1257275, at *4 (Tex. App.—Fort Worth Mar. 27, 2014, no pet.) (mem. op.); *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 350 (Tex. App.—Dallas 2013, no pet.).

Neither of Appellees' motions for summary judgment specifically addressed the request for injunctive relief that JLMH raised in its first amended petition. However, both motions asserted that "all of [JLMH's] claims" were barred by the statute of limitations. Further, in adding its request for injunctive relief, JLMH did not assert any new factual allegations that would have materially changed the nature of the suit or required proof of a new cause of action. *Cf. Espeche v. Ritzell*, 123 S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("[W]hen a plaintiff, in her amended petition, asserts a new cause of action based on facts not alleged in the original petition, a court cannot say the defendant's motion for summary judgment contemplated or embraced the additional claim in the amended petition.").

Appellees' motions were broad enough to contemplate or encompass JLMH's request for injunctive relief. Accordingly, we hold that the trial court did not err in not denying Appellees' motions on the theory that they had failed to specifically address the injunction request. *See Yalamanchili v. Mousa*, 316 S.W.3d 33, 39 (Tex. App.—Houston [14 Dist.] 2010, pet. denied) (holding that motion for summary judgment claiming broadly to apply to all of plaintiffs' claims—without specifically mentioning the injunction request—nevertheless encompassed the injunction request because "a permanent injunction is not a separate claim but merely an item of equitable relief"). We overrule JLMH's first issue.[8]

## B. JLMH'S CLAIMS BARRED BY LIMITATIONS

We will next consider JLMH's third issue because its disposition will inform our analysis on the second issue. In its third issue, JLMH argues that the trial court erred by granting summary judgment on its claims for nuisance, trespass, violations of the Texas Water Code, and negligence because the accrual date of those claims

---

[8]In issue one, JLMH also makes the passing argument that the trial court's Clarifying Order "either gives this [c]ourt jurisdiction over an interlocutory appeal regarding issues No. 1 and No. 2 or it maintains the position that final and appealable orders were made on April 14 and April 17, 2023." We disagree that we would have jurisdiction over an interlocutory appeal in this case simply because JLMH never filed a permissive interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f); *Swanson v. Town of Shady Shores*, No. 02-15-00351-CV, 2016 WL 4395779, at *5 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (mem. op.) (explaining that appellate courts have no jurisdiction over noncompliant or untimely-filed permissive interlocutory appeals). However, we do agree that we have jurisdiction over this appeal as a direct appeal because the trial court's April 17 order was final and appealable, and the Clarifying Order did nothing to undo this finality.

occurred in 2019 and because the continuing-tort doctrine applied. Appellees argue that the accrual date occurred around the time that the Store was completed in 2016 and that the continuing-tort doctrine does not apply here. We agree with Appellees.

### 1. Relevant Limitations Law

The parties agree that a two-year statute of limitations applies to all of JLMH's claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (damage to real property); *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004) (nuisance); *JPMorgan Chase Bank, N.A. v. Pro. Pharmacy II*, 508 S.W.3d 391, 414 (Tex. App.—Fort Worth 2014, no pet.) (negligence); *Yalamanchili*, 316 S.W.3d at 37 (trespass); *Graham v. Pirkey*, 212 S.W.3d 507, 512 (Tex. App.—Austin 2006, no pet.) (Texas Water Code violations). The issue of when a cause of action accrues is a question of law that we review de novo. *JPMorgan Chase Bank, N.A.*, 508 S.W.3d at 414.

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Usually, this means that a cause of action accrues when a wrongful act causes a legal injury, "regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.* But certain narrow exceptions exist to these general rules—such as the discovery rule and the continuing-tort doctrine—that might, if applicable, toll or restart the statute of limitations. *See Yalamanchili*, 316 S.W.3d at 38, 41; *Malone v. Sewell*, 168 S.W.3d 243, 250 (Tex. App.—Fort Worth 2005, pet. denied).

9

## 2. Nuisance Claim

A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities. *Schneider*, 147 S.W.3d at 269. The question of when a nuisance claim accrues depends on whether the alleged nuisance is permanent or temporary. *Id.* at 270. "A permanent nuisance claim accrues when injury *first* occurs or is discovered; a temporary nuisance claim accrues *anew* upon each injury." *Id.*

> [A] nuisance should be deemed temporary only if it is so irregular or intermittent over the period leading up to filing and trial that future injury cannot be estimated with reasonable certainty. Conversely, a nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated.

*Id.* at 281. In the context of a nuisance that arises from the construction of an improvement to real property, a claim does not generally accrue while the potential source is under construction. *Id.* at 279. "But once operations begin and interference occurs, the limitations runs against a nuisance claim just as against any other." *Id.* Relatedly, when the structure or source allegedly causing the nuisance is permanent, a presumption is raised that the nuisance is also permanent. *See Yalamanchili*, 316 S.W.3d at 38 (citing *Schneider*, 147 S.W.3d at 283).

JLMH argues that the nuisance here was temporary due to the intermittent and sporadic nature of rain, with each new rainfall constituting a separate nuisance event. It relies on a statement from the *Schneider* case in which the Texas Supreme Court

stated that "[a] nuisance is also temporary if it is occasional, intermittent or recurrent, or sporadic and contingent upon some irregular force such as rain." 147 S.W.3d at 272 (internal quotations omitted).

This argument may have prevailed if, perhaps, the evidence showed that the flooding onto JLMH's property occurred only after abnormally and unexpectedly heavy rains. It is conceivable that such instances of rain might be so occasional or sporadic in nature to constitute a temporary nuisance. *See Sullivan v. Brokers Logistics, Ltd.*, 357 S.W.3d 833, 839 (Tex. App.—El Paso 2012, pet. denied) (holding that summary judgment was precluded on a limitations defense in a flooding-related nuisance case where—though there had been silt buildup for more than a decade due to improper drainage—"the great flood of 2006" that occurred in El Paso and precipitated the plaintiff's lawsuit raised at least a fact issue as to whether the nuisance was also temporary or permanent).

But that is not the situation here. The undisputed evidence is that Hyatt has maintained since 2016 or 2017 (soon after the Store was completed) that the flooding onto JLMH's property occurred "every time it rained." Texas courts have routinely held that ordinary and even heavy rainfall that causes flooding constitutes a permanent nuisance because such rain events are sufficiently constant and regular. *See, e.g., Yalamanchili*, 316 S.W.3d at 38; *Mitchell v. Timmerman*, No. 03-08-00320-CV, 2008 WL 5423268, at *6 (Tex. App.—Austin Dec. 31, 2008, no pet.)(mem. op.); *Pope v. John Kiella Homes*, No. 07-06-0146-CV, 2008 WL 1903332, at *4 (Tex. App.—

11

Amarillo Apr. 30, 2008, no pet.) (mem. op.). Additionally, there is no dispute that the structure allegedly causing the flooding onto JLMH's property—the Store and its drainage system—is permanent, which raises the presumption that the nuisance was also permanent. *See Yalamanchili*, 316 S.W.3d at 38. For these reasons, we hold that the nuisance in this case is permanent as a matter of law.

Because the nuisance was permanent, the accrual date for limitations purposes occurred in 2016 or 2017 when the flooding first occurred and was discovered by Hyatt. *See Schneider*, 147 S.W.3d at 270. JLMH contends that the accrual date was in March 2019 (when the plumber informed Hyatt that JLMH's building was "sitting in the middle of a lake") or May 2019 (when the engineer informed Hyatt that the Store's drainage system was the cause of flooding and damage to JLMH's property), because that is "when [JLMH] discovered the actual injury" to its property. This argument is unavailing because accrual of a permanent nuisance occurs "upon notice of injury, even if the claimant does not yet know the full extent of damages." *Id.* at 279. There is no question that JLMH was fully aware of the flooding issue in 2016 or 2017—JLMH repeatedly concedes this fact.

Because the accrual date for JLMH's nuisance claim occurred at the latest in 2017, the claim was barred by the applicable two-year statute of limitations if it was not filed sometime before 2020. *See id.* at 270. JLMH filed its original petition in May 2020; thus, we hold that its nuisance claim was barred by the statute of limitations.

### 3.  Trespass Claim

Trespass to real property requires evidence of an unauthorized physical entry onto another's property by a person or thing.  *Yalamanchili*, 316 S.W.3d at 40.  A trespass cause of action accrues upon discovery of the first physical invasion onto the plaintiff's property.  *Id.*  Thus, JLMH's trespass cause of action accrued at the latest in 2017 when Hyatt first noticed the flooding.  Because JLMH filed its original petition more than two years beyond this accrual date, we hold that its trespass claim was barred by the statute of limitations.

### 4.  Texas Water Code Claims

JLMH also asserted claims pursuant to Section 11.086 of the Texas Water Code.  Section 11.086 creates a statutory cause of action for "[a] person whose property is injured by an overflow of water caused by an unlawful diversion or impounding. . . ."  Tex. Water Code Ann. § 11.086(b).  JLMH again contends that the accrual date for its Water Code claim was in 2019 because that is when "the earliest sign of injury or damage" appeared.  However, accrual of claims generally occurs "when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins.*, 128 S.W.3d at 221.  As we have already explained, JLMH knew of the flooding and at least some of the damage to its property by 2017.  Thus, the statute of limitations also bars its water code claims because it did not file its lawsuit within two years of 2017.

13

## 5. Negligence Claim

The same reasoning applies to JLMH's negligence claim. A negligence claim accrues when a defendant's wrongful conduct causes a claimant to suffer a legal injury that gives a right to seek a judicial remedy. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 814 (Tex. 2001).

> Once the defendant's wrongful conduct causes a legal injury, the injured party's claims based on that wrongful conduct accrue—and the limitations period begins to run—even if (1) the claimant does not yet know that a legal injury has occurred, (2) the claimant has not yet experienced, or does not yet know the full extent of, the legal injury, (3) the claimant does not yet know the specific cause of the injury or the party responsible for it, (4) the wrongful conduct later causes additional legal injuries, or (5) the claimant has not yet sustained or cannot yet ascertain any or all of the damages from the legal injuries.

*Id.* (internal footnotes omitted). Thus, JLMH's negligence claim accrued when it learned of the flooding in 2017. Because it did not file its negligence claim until more than two years after this, the claim is likewise barred by the statute of limitations.

## 6. Continuing-Tort Doctrine

JLMH also contends that the continuing-tort doctrine applies to its tort claims such that each rainfall and flood event constituted a separate cause of action with its own accrual date. "The continuing[-]tort doctrine is an exception to the statute of limitations for torts that are ongoing and continuous, creating a separate cause of action on each occasion." *Yalamanchili*, 316 S.W.3d at 40. The continuing-tort doctrine does not apply, however, to claims involving permanent injury to land. *Id.*

14

To determine whether an injury to land is permanent, courts have applied a substantially similar analysis as that applied in determining whether a nuisance is temporary or permanent. *Id.* (collecting cases). For the same reasons that we concluded that JLMH's nuisance was permanent, we conclude that the injury to its land is also permanent. Accordingly, we overrule JLMH's argument that the continuing-tort doctrine applies to its tort claims.[9]

Having concluded that all of JLMH's claims were barred by the statute of limitations and that no exceptions applied to toll or otherwise change the limitations period as having accrued by 2017, we hold that the trial court did not err by granting summary judgment as to these claims. We overrule JLMH's third issue.

## C. LIMITATIONS DOES NOT BAR ABATEMENT OF A NUISANCE

In its second issue, JLMH contends that the trial court erred by granting summary judgment as to its request for injunctive relief because Texas law is clear that limitations is not an available defense to requests to abate a nuisance. Appellees argue that Texas courts are split as to whether limitations applies to bar the enjoinment of a nuisance. They also argue that, because an injunction is merely a form of relief

---

[9]Appellees argue that JLMH also raised the discovery rule to negate the statute of limitations but that the discovery rule was not properly pleaded. Though we do not construe JLMH's brief as having raised the discovery rule as an issue on appeal, we conclude that, to the extent that it did, JLMH never pleaded the discovery rule, and we overrule any such issue. *See Hall v. Stephenson*, 919 S.W.2d 454, 465 (Tex. App.—Fort Worth 1996, writ denied) (holding in summary-judgment context that plaintiff must plead the discovery rule before it can be applied).

dependent upon an underlying claim, when that underlying claim is dismissed, so too is any request for injunctive relief. We agree with JLMH that Texas law does not recognize limitations as a defense to injunctive relief to abate a nuisance.

Since at least 1895, Texas courts have consistently and uniformly adhered to the rule that limitations is not a defense to an injunction requesting abatement of a nuisance. *Int'l & G.N. Ry. Co. v. Davis*, 29 S.W. 483, 484 (Tex. App. 1895, writ ref'd); *see Yalamanchili*, 316 S.W.3d at 39; *Nugent v. Pilgrim's Pride Corp.*, 30 S.W.3d 562, 575 (Tex. App.—Texarkana 2000, pet. denied); *Jamail v. Stoneledge Condo. Owners Ass'n*, 970 S.W.2d 673, 676 (Tex. App.—Austin 1998, no pet.); *Abbott v. City of Princeton*, 721 S.W.2d 872, 875 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *Stein v. Highland Park Indep. Sch. Dist.*, 540 S.W.2d 551, 554 (Tex. App.—Texarkana 1976, writ ref'd n.r.e.); *Hughes v. Jones*, 94 S.W.2d 534, 536 (Tex. App.—Eastland 1936, no writ) (collecting cases); *City of Dallas v. Early*, 281 S.W. 883, 886 (Tex. App.—Dallas 1926, writ dism'd); *City of Ennis v. Gilder*, 74 S.W. 585, 587 (Tex. App. 1903, writ ref'd). This rule is based upon the reasoning that a right to maintain a nuisance cannot be acquired by prescription. *City of Dallas*, 281 S.W. 883.

Limitations was the only ground asserted by Appellees in their motions for summary judgment. Because limitations is not an available defense to a request to enjoin a nuisance, the trial court erred by granting summary judgment as to JLMH's injunction request on limitations grounds. *See Yalamanchili*, 316 S.W.3d at 39.

16

Appellees argue that the law is not so settled and that courts are split on the issue of whether limitations is a defense to a request to abate a nuisance. In support of this contention, Appellees rely mainly on *Schneider* and *Mitchell v. Timmerman*. *See* 147 S.W. 3d at 288; No. 03-08-00320-CV, 2008 WL 5423268, *1 (Tex. App.—Austin Dec. 31, 2008, no pet.) (mem. op.).

They argue that the supreme court in *Schneider* "took a dim view" of allowing barred nuisance claims to be revived years later "through appending a request for injunctive relief to a nuisance claim for damages." But *Schneider* took no such position. The *Schneider* court explicitly stated—after highlighting that a number of Texas courts have held that limitations does not bar a suit seeking only to enjoin a nuisance—that it was *not* reaching that question. *Schneider*, 147 S.W. at 288. Instead, *Schneider* held that "in a suit seeking damages for a nuisance, we hold that abatement cannot revive barred permanent damages by allowing them to be asserted as temporary ones." *Id.* at 289. This holding is not instructive for our purposes, and it does not rebut the settled nature of the law on this issue.[10]

In *Mitchell*, the plaintiff sought money damages and injunctive relief under Section 11.086 of the Texas Water Code after his property was damaged by rainwater

_____

[10]It is also notable that thirteen years after *Schneider*, the supreme court declined to address whether a request for injunctive relief to abate a nuisance is subject to a limitations defense but again highlighted that "Texas cases hold that limitations is not a defense to abate a continuing nuisance." *See ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 542 n. 14 (Tex. 2017).

diverted from his neighbor's property. 2008 WL 5423268, *1. The defendant moved for summary judgment, raising limitations as one of the grounds and specifically arguing that he had not been timely and diligently served within the limitations period. *Id.* The trial court granted summary judgment. *Id.* at *3. On appeal, the Austin court affirmed the trial court's grant of summary judgment on the grounds that the defendant had not been timely served. *Id.* at *7.

Appellees point to *Mitchell* as evidence of a split in precedent on this issue because the Austin court affirmed summary judgment on a limitations defense where the plaintiff sued for "damages and injunctive relief under [section 11.086 of the water code]." A closer look at *Mitchell* shows that its holding did not create any such split. Three points (and one crosspoint) were raised on appeal in *Mitchell*, but none of them asked the court to weigh in on whether the defendant was entitled to a limitations defense as to the injunction request. In other words, the issue was not raised in *Mitchell,* and the Austin court had no opportunity to consider it. Even if it had, there is no indication that the court desired to overturn its own clear precedent from a decade prior in which it held that it is well "settled by the decisions in this state that in an action to abate a nuisance, public or private, prescription or limitations is no defense." *Jamail*, 970 S.W.2d at 676.

Finally, Appellees argue that JLMH's injunction request must necessarily be dismissed along with its direct claims because injunctive relief is not an independent cause of action but, rather, a form of relief dependent on a viable cause of action. *See,*

18

*e.g. Etan Indus., Inc., v. Lehmann*, 359 S.W.3d 620, 625 n.2 (Tex. 2011) (stating in dicta in a case involving a dispute over a utility easement that awards of permanent injunctions and damages "are available only if liability is established under a cause of action"). We disagree.

It appears that, for more than a century and a half, Texas courts have recognized a plaintiff's standalone right to have a nuisance abated. *See Huynh v. Blanchard*, 683 S.W.3d 30, 39 (Tex. App.—Tyler 2021, pet. granted) ("[W]hen the nuisance complained of is of a 'recurring nature,' an injunction 'will lie irrespective of [a] legal remedy at law.'") (quoting *Lamb v. Kinslow*, 256 S.W.2d 903, 905 (Tex. App.—Waco 1953, writ ref'd n.r.e.)); *Holubec v. Brandenberger*, 214 S.W.3d 650, 656 (Tex. App.—Austin 2006, no pet.) (same); *City of Ennis*, 74 S.W. at 587 ("It follows that [the plaintiff's] claim for damages might be barred [by limitations] without impairing his right to abate the nuisance."); *Int'l & G.N. Ry. Co.*, 29 S.W. at 484 ("An injunction is the recognized method of abating nuisances, and it may in all cases be resorted to when it is shown that the act complained of is a nuisance, and is hurtful to the plaintiff."). This precedent is reasonable in light of the well-established rule that a person has no recognized right to maintain a nuisance by prescription. *City of Dallas*, 281 S.W. at 883. To hold that a limitations defense would bar enjoinment of nuisances after two years would effectively rewrite this well-worn precedent and allow

19

that person to obtain the legal right to maintain their nuisance into perpetuity. Such a holding would raise serious equity and public policy concerns.[11]

Because limitations could not serve as grounds to bar JLMH's request to abate the nuisance, we hold that the trial court erred by granting summary judgment as to that request, and we sustain JLMH's second issue.

## IV. CONCLUSION

Having sustained JLMH's second issue, we reverse that portion of the trial court's judgment that dismissed JLMH's request for injunctive relief and remand this case to the trial court for further proceedings. Having overruled JLMH's first and third issues, we affirm the remainder of the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered: June 13, 2024

---

[11]This is not to say that a plaintiff can simply sleep on his rights to abate a nuisance because it is also true that laches may bar injunctive relief if he does not diligently pursue it. *Jamail*, 970 S.W.2d at 676.